(Court of Appeal, Parish of Orleans.)

# ANTHONY BURCHARDT vs. THEODORE G. SPITZ-FADEN, ET AL.

1. Under the jurisprudence the sureties on the official bond of a notary public are not liable for a breach of his official duty unless, the person injured has parted with his funds or property on the faith of some act done by said notary in his official capacity. Nolan vs. Labatut, 117 La., 431.

2. Where a fund to be partitioned consists of cash and a note, all belonging in indivision to the parties, and one party receives cash and the other receives the note, to all intents and purposes the one who receives the note purchases for cash the interest of his co-heir therein, C. C. 1382, 2660; and when said note purports to be a mortgage note, and is so paraphed by a notary public, the one receiving it has parted with his cash, to the extent of such purchase, on the faith of said paraph; hence to that extent the surety on the official bond of said notary is liable to him, should said note prove to be a forgery and the paraph therein false and untrue.

Appeal from the Civil District Court, Division "A."

L. H. Burns, for plaintiff and appellee.

Morgan & Milner, for defendant and appellant.

ST. PAUL, J.—Plaintiff and another inherited a piece of real estate which they wished to partition, and Theodore G. Spitzfaden, a notary public, was employed to attend to the matter.

The partition was not a judicial one, but after having been put in possession thereof, they offered the property at auction and sold the same partly on credit. The act

of sale was passed before Spitzfaden as notary, and a note was executed by the purchaser for the credit portion of the price.

Plaintiff and his co-heir signed the act of sale but left the whole price (cash and note) in the hands of Spitzfaden until their respective interests should be ascertained.

A few days afterwards Spitzfaden rendered them an account showing the share coming to each, and gave to plaintiff as part of his share a note which purported to be the genuine note given by the purchasers but which in point of fact was a forgery falsely "paraphed" for identification by himself as notary.

As to the genuine note, that he had embezzled and either had already negotiated, or was about to negotiate it and appropriate the proceeds.

The question herein presented is whether the surety on Spitzfaden's official bond as notary is liable for his misconduct.

As the sale and partition were extra judicial, it was not part of Spitzfaden's duty, as notary, to retain in his hands any part of the price. To the extent that he was entrusted with the same he was merely the agent of the parties acting in his individual and not in his official capacity.

It is therefore clear that had he simply embezzled the note and gone no further, his surety would not be liable.

But it is also clear that when he falsely paraphed the forged note which he substituted for the genuine, he was acting officially, and the question therefore arises whether or not the use of his official capacity to facilitate or conceal his embezzlement is such a breach of his official duty as to render liable the surety on his official bond.

Under the jurisprudence it appears that it was not. In **Nolan vs. Labatut, 117 La., 431,** a notary would write

to a client that he was about to pass an act of mortgage, if she would send him the money he would take the note as an investment for her.

Thereupon she would send him the amount asked for and a day or two afterwards he would send her a forged note falsely paraphed by himself as notary. The money he would appropriate to himself.

Under the circumstances the Supreme Court held that the sureties on his official bond were not liable, because the person injured had not parted with her money on the faith of his official act, since she had already parted therewith before the breach of official duty occurred.

To the extent of plaintiff's own interest in the note left with Spitzfaden the case here is similar; plaintiff had parted with the possession thereof before any breach of official duty had occurred; to that extent he relinquished nothing on the faith of Spitzfaden's official act, and to that extent the surety on his official bond is not liable.

Thus far the circumstances of this case seem to come squarely within the facts of **Nolan vs. Labatut.** But it appears to us that in one respect this case is distinguished from that.

We have said that the plaintiff and his co-heir owned the property in common and that the sale was not a judicial one. Accordingly when the price was left with Spitzfaden that **price** (which represented the property) also belonged to them in common, that is to say they were owners **in indivision** of the cash and note which Spitzfaden had in his hands.

Now the interest of plaintiff in the property was three-fourths and that of his co-heir one fourth. Accordingly they owned the **note** in indivision in the same proportions.

But when Spitzfaden made the division between them, instead of giving to each co-owner the balance of the cash coming to him and turning over to them the **note** to be held by them in indivision, he paid the co-heir in full in **cash**, using for that purpose some of the cash which otherwise should have been paid to plaintiff. To this plaintiff did not object since of course he believed that he was getting the genuine note.

In other words the note was for $535.00, plaintiff's interest therein being three-fourths, or $401.25, and that of his co-heir being one fourth, or $133.75; so that to the extent of his co-heirs interest, of $133.75, plaintiff gave up **cash** at the very moment of the transaction, and did so **on the faith** of Spitzfaden's official "paraph."

Where a fund to be partitioned consists of cash and a note, all belonging in indivision to the parties, and one party receives cash and the other party receives the note, to all intents and purposes the one who receives the note purchases for cash the interest of his co-owner therein, C. C. 1382, 2660; and when said note purports to be a mortgage note and is so paraphed by a notary public, the one receiving it has parted with his cash, to the extent of such purchase **on the faith** of said paraph; hence to that extent the surety on the official bond of said notary is liable to him, should said note prove to be a forgery and the paraph thereon false and untrue.

The judgment appealed from holds the surety liable for the full amount of the note. But we think that under the jurisprudence as aforesaid, the liability of the surety is confined to one fourth of the note, that being the extent to which plaintiff parted with cash on the faith of the official paraph. Accordingly the surety is liable to plaintiff for $133.75 with interest and penalty specified in said note.

The judgment is also defective under the ruling in **Russo vs. Fidelity Co., 129 La., (56 So. Rep. 506),** in as much as it merely reserves to defendant the right to limit the execution thereof to the balance still remaining due upon the bond instead of fixing at once the amount of defendant's liability.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and it is now ordered that this case be remanded to the court a qua, with instructions to ascertain the exact amount for which appellant is still liable on its bond, and render judgment in favor of plaintiff and against the defendant surety for that amount, not however in excess of the sum of one hundred and thirty-three 75-100 dollars ($133.75) with 8% interest from April 16th, 1908 and ten per cent attorney's fees thereon.

It is further ordered that said defendant be taxed with all the costs of these preceedings except the cost of this appeal which are taxed against plaintiff and appellee.

Dufour, J., dissents.

January 22nd, 1912.

Rehearing refused, February 5th, 1912.